**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMBIENCE PARENT, INC.,[1] | Case No. 25-11148 (JKS) |
| Reorganized Debtor. | |
| | **Re: Docket Nos. 92 & 118** |

**AGREED ORDER SUSTAINING REORGANIZED DEBTORS' FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO PROOFS OF CLAIM**

Upon consideration of the objection (the "Objection")[2] of the Reorganized Debtors, seeking entry of an order (this "Order") sustaining the Objection and disallowing and expunging the Disputed Claims; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection has been given under the particular circumstances; and it appearing that no other or further notice is necessary; and this Court having reviewed the Objection; and upon the record of the Chapter 11 Cases; and this Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and is in the best interests of the Reorganized Debtors, their estates, their

---

[1]   The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Ambience Parent, Inc. (6231).  The Reorganized Debtor's mailing address is 9000 Cypress Waters Blvd, Coppell, Texas 75019.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.　　The Objection is SUSTAINED as set forth herein.

2.　　Any Response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.　　Claim No. C120-369 is hereby disallowed and expunged in its entirety.

4.　　Claim No. C120-128 is hereby modified as follows:  (a) the claim arising under section 503(b)(9) of the Bankruptcy Code set forth in Claim No. C120-128 shall be reduced and allowed in the aggregate amount of $7,355.88 and treated as an Allowed Administrative Claim under the Plan; and (b) the balance of Claim No. C120-128 shall be reclassified as a General Unsecured Claim in the aggregate amount of $15,511.20 (the "Reclassified Claim").

5.　　Notwithstanding anything herein, nothing in this Order shall affect the rights or objections of any party, including the At Home Unsecured Claim Distribution Trust, with respect to the Reclassified Claim or any further amendment thereto, all of which are expressly preserved.

6.　　The Debtors and Omni are authorized to take all actions necessary and appropriate to give effect to this Order.

7.　　Omni is authorized to modify the Claims Register to comport with the relief granted by this Order.

8.　　Nothing in the Objection or this Order shall be deemed or construed: (i) as an admission as to the validity of any claim against the Reorganized Debtors; (ii) as a waiver of the Reorganized Debtors' rights to dispute or otherwise object to any claim on any grounds or basis; (iii) to waive or release any right, claim, defense, or counterclaim of the Reorganized Debtors, or

to estop the Reorganized Debtors from asserting any right, claim, defense, or counterclaim; (iv) as an approval or assumption of any agreement, contract, or lease, pursuant to section 365 of the Bankruptcy Code; or (v) as an admission that any obligation is entitled to administrative expense priority or any such contract or agreement is executory or unexpired for purposes of section 365 of the Bankruptcy Code or otherwise.

9.      The terms and conditions of this Order shall be immediately enforceable and effective upon its entry.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

Dated: April 1st, 2026
Wilmington, Delaware

3