**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| AMBIENCE PARENT, INC.,[4] | Case No. 25-11148 (JKS) |
| Reorganized Debtor. | |

**STIPULATED ORDER GRANTING RELIEF FROM THE PLAN INJUNCTION TO PERMIT TERRENCE EDWARDS TO RESUME PERSONAL INJURY LITIGATION**

Upon request of the above-captioned reorganized debtor and its reorganized debtor affiliates (the "Reorganized Debtors" and prior to the Effective Date, the "Debtors") and Terrence Edwards ("Claimant" and with the Reorganized Debtors, the "Parties"), for entry of an order (this "Order") to authorize relief from the Plan Injunction to Claimant; and it appearing that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (c) venue of the above-captioned chapter 11 case is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Claimant is GRANTED relief from the Plan Injunction[5] for the sole purpose of allowing the Claimant to proceed with the liquidation of his claims through commencement or prosecution of the State Court Action against the above-captioned reorganized debtor and its reorganized debtor affiliates (the "Reorganized Debtors" and prior to the Effective Date, the

---

[4]   The Reorganized Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is Ambience Parent, Inc. (6231).  The Reorganized Debtor's mailing address is 9000 Cypress Waters Blvd, Coppell, Texas 75019.

[5]   Capitalized terms not defined herein shall have meanings ascribed to them in the Certification of Counsel.

"Debtors") and any other individuals or entities, including any subsequent appeals, and may enforce any judgement, including any alternative dispute resolution award or settlement obtained in the State Court Action, solely against available proceeds under the Reorganized Debtors' applicable insurance policies (such policies, as applicable, the "Insurance Policies").

2.      The Plan Injunction is hereby modified to enable (a) the action pending in the State Court of Gwinnett County, State of Georgia, styled *Terrence Edwards and Tomica Edwards v. At Home Stores, LLC, et al.*, Index No. 23-C-03731-S3 (the "State Court Action"), to proceed to final judgment, settlement, or arbitration award, including any appellate and/or confirmation proceedings and (b) Claimant to seek to recover, collect, and enforce any final judgment, settlement, or award against any applicable insurance policies held by the Reorganized Debtors (the "Insurance Policies")—and, to the extent available, excess coverage—if any coverage under the Insurance Policies is available.

3.      For the avoidance of doubt, Claimant shall only seek to recover from the Insurance Policies amounts in excess of any self-insured retention or deductible set forth in the Insurance Policies.

4.      Claimant is barred from asserting any claim against the Reorganized Debtors or their estates asserted in, arising from, or related to the State Court Action.

5.      For the avoidance of doubt, nothing in this Order shall: (a) alter, amend, or otherwise modify the terms and conditions of the Insurance Policies, including all terms and conditions associated with satisfaction of any self-insured retention; (b) terminate, expand, or contract any coverage that may be available under the Insurance Policies; (c) preclude or limit the right of the Insurers or Claimant to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policies or to assert any defenses to coverage under the

Insurance Policies, as applicable; (d) preclude or limit the right of Claimant to obtain a judgment, settlement or recovery greater than $250,000.00 in the State Court Action; or (e) alter or modify the rights of any Insurer or Claimant to take any action relating to the Insurance Policies to the extent permissible under applicable non-bankruptcy law, and in accordance with the terms of the Insurance Policies.

6.      Except as provided for herein, neither Claimant, nor any of Claimant's agents, attorneys, employees or other representatives or any person or entity claiming by or through Claimant, shall ever attempt to cause any action to be taken to collect any portion of any Judgement from the assets or properties of the Reorganized Debtors and its estates other than from any available proceeds under the Insurance Policies.

7.      This Order shall become effective immediately upon entry by the Court and the Parties are authorized to take all actions necessary to effectuate the Order.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

**Dated: April 10th, 2026**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

3